# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IDA L. MUDGE, | ) | CASE NO. 1:18-CV-00804 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDREW SAUL, | ) | **OPINION AND ORDER** |
| *Comm'r of Soc. Sec.*, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon Plaintiff's Objections (ECF #16) to the Report and Recommendation (ECF #15) of Magistrate Judge Thomas M. Parker, who recommends that the Court affirm the Commissioner's decision denying Plaintiff's claim for Supplemental Security Income ("SSI") under 42 U.S.C. §§ 405(g), 1383(c)(3). For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **AFFIRMS** the Commissioner's denial of Plaintiff's Claim.

## BACKGROUND

The following is a procedural synopsis of Plaintiff's Claim. The Magistrate Judge's Report and Recommendation contains a more detailed discussion of the facts. For a complete

1

overview of Plaintiff's medical history, see the Magistrate Judge's Report and Recommendation, which refers to the original Complaint and incorporates all documents related to the dispute.

On May 22, 2014, Plaintiff filed an application for SSI, alleging she became disabled on November 30, 2002 due to "heart murmur, a benign brain tumor, depression, asthma, [and] anxiety." (Transcript of Proceedings before the Social Security Administration, 57). Plaintiff later amended her date of disability, alleging her disability began on May 22, 2014. (Tr. 11). Plaintiff's application was denied by the Social Security Administration initially and upon reconsideration. (Tr. 56-88). After the denial, Plaintiff timely requested an administrative hearing. (Tr. 103-105). An Administrative Law Judge ("ALJ") heard Plaintiff's case on October 25, 2016. A Vocational Expert ("VE") testified at the hearing. After the hearing, the ALJ denied Plaintiff's claim on March 29, 2017. (Tr. 8-50). On February 12, 2019, the Social Security Appeals Council denied further review, thus rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-5).

On April 10, 2018, Plaintiff filed her Complaint seeking judicial review of the Commissioner's decision. (ECF #1). On February 28, 2019, the Magistrate Judge issued his Report and Recommendation. (ECF #15). On March 14, 2019, Plaintiff timely filed her Objections to the Magistrate Judge's Report and Recommendation. (ECF #16). On March 28, 2019, Defendant timely filed his Response to Plaintiff's Objections. (ECF #17).

## STANDARD OF REVIEW

When a court reviews a magistrate's report and recommendation, it makes a *de novo* determination regarding the portions to which an objection is made. 28 U.S.C. § 636(b)(1). A review of the Commissioner's decision, however, is not *de novo*. *Norman v. Astrue*, 694 F.

Supp. 2d. 738, 740 (N.D. Ohio 2010). The district court's review of social security disability cases is limited to whether substantial evidence in the record supports the ALJ's findings of fact and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *Norman*, 694 F. Supp. 2d. at 740 (citing *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005)).

A decision must be affirmed if the ALJ's inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision. *Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003). Substantial evidence has been defined as "more than a mere scintilla" of evidence. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). Further, substantial evidence is evidence a reasonable person would accept as adequate to support the conclusion. *Id.* Therefore, if the record contains information where "a reasonable mind might accept it as adequate to support" the Commissioner's final conclusion, then the determination should be affirmed. *Id.*; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986)).

## ANALYSIS

A claimant is entitled to SSI benefits only when they have established disability under the meaning of the Social Security Act. *See* 42 U.S.C. § 423. Disability may be established by demonstrating an "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42

U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).

To determine disability, the Commissioner must follow a five-step sequential analysis. This may be summarized as follows:

> (1) If the claimant is doing substantial gainful activity, he is not disabled.
>
> (2) If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> (3) If the claimant is not doing substantial gainful activity, is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> (4) If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity ["RFC"] and use it to determine if the claimant's impairment prevents him from doing past relevant work. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> (5) If the claimant is unable to perform relevant work, he is not disabled if, based on his vocational factors and RCF, he is capable of performing other work that exists in significant numbers in the national economy.

20 C.F.R. § 416.920(a)(4)(I)-(v); *See also Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

In the present case, Plaintiff objects to the ALJ's findings at Step Five of the above analysis and to the ALJ's reliance on the VE's testimony about significant jobs in the national economy. Plaintiff claims the VE incorrectly calculated the number of available jobs under the Medical-Vocational Guidelines and that the Medical Vocational Guidelines should have directed a "disabled" finding for Plaintiff. (ECF #11, Page ID: 822). Plaintiff similarly claims the jobs presented by the VE are improper for someone of Plaintiff's age and vocational skill level.

4

However, the Magistrate Judge determined that the ALJ applied the proper legal standard when she relied on the VE's testimony and that substantial evidence supported the ALJ's decision. Accordingly, the Magistrate recommended this Court affirm the ALJ's finding of no disability.

Plaintiff, as Claimant, bears the burden of proof at Steps One through Four of the analysis. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). In Step Five of the analysis, the burden shifts to the Commissioner to produce evidence showing whether there is work available in the economy that accommodates a plaintiff's RFC and vocational abilities. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). "To meet the burden of showing that [a Plaintiff] could perform jobs available in the national economy, the Commissioner must make a finding 'supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs.'" *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Varley v. Sec'y of Health & Human Serv.*, 820 F.2d 777, 779 (6th Cir. 1987)).

"Substantial evidence may be produced through reliance on the testimony of a [VE] in response to a 'hypothetical' question, but only 'if the question accurately portrays [plaintiff's] individual physical and mental impairments'" or limitations. *Varley*, 820 F.2d 779 (quoting *Podedwomy v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). While testifying, a VE may be asked hypothetical questions so the ALJ can gain information about potential jobs Plaintiff could fulfill. The hypothetical questions in the present case referenced Plaintiff's age, education, past relevant work and physical and mental impairment, clearly portraying Plaintiff's individual impairments. The ALJ asked the VE not only about Plaintiff's physical ability to perform certain tasks but also about the impact Plaintiff's concentration and need for extra time would

5

have on her employment performance. (Tr. 46-47). Even pursuant to Plaintiff's need for breaks and spoken instruction with visual demonstration, the VE testified that there were positions Plaintiff could work, including garment sorter, folder and bench assembler. (Tr. 48). Thus, the ALJ was permitted to rely on the VE's testimony as substantial evidence. *See Anderson v. Comm'r of Soc. Sec.*, 406 Fed. Appx. 32, 34 (6th Cir. 2010).

Plaintiff claims the VE's testimony does not provide a significant number of jobs the ALJ can rely on, and therefore, that the Commissioner failed to meet her burden of proof at Step Five. (ECF #16). However, as discussed in Defendant's Response, the VE identified three potential "light jobs." (ECF #17). These jobs included a total of 168,000 positions in the national economy. (Tr. 46-47). The ALJ then adopted this finding of 168,000 positions Plaintiff could potentially fill.

The Sixth Circuit has already addressed "the difficult task of enumerating exactly what constitutes a 'significant number [of jobs]'" in *Hall v. Bowen*, concluding that courts should address the determination on a "case-by-case basis." 837 F.2d 272, 275 (6th Cir. 1988); *See also Martinez v. Heckler*, 807 F.2d 771, 774-75 (9th Cir. 1987) ("Congress has explicitly determined that it is the *existence* of jobs that is essential, and that an [ALJ] is *not* required to consider the hiring practices of the employers, or whether a claimant could actually obtain work if he applied for it.") (emphasis in original). In *Nejat v. Comm'r of Soc. Sec.*, the ALJ reviewing plaintiff Nejat's case found that Nejat could perform "800 inspector jobs, 2000 assembly jobs, and 2000 hand packer jobs." 359 F.App'x 574, 578 (6th Cir. 2009). The Sixth Circuit accepted these much lower numbers as "significant." In the present case, there are significantly more potential jobs than in *Nejat*. The three different types of jobs the VE provided, totaling more than 168,000

jobs in the national economy, constitute a significant number for the ALJ to rely on.

Plaintiff claims she should be found disabled pursuant to the Medical-Vocational Guidelines because it states that for a person of "advanced age" (over fifty-five), a finding of disability is appropriate, even if that individual could perform a full range of sedentary and light unskilled work. *See*, 20 C.F.R. Pt. 404, Subpt. P, App. 2. However, it would have been incorrect for the ALJ to rely exclusively on the Medical-Vocational Guidelines when determining these numbers. When the characteristics of the claimant correspond to criteria in the Guidelines and the claimant suffers only from either exertional impairments or his nonexertional impairments do not significantly affect his RFC, the ALJ may rely exclusively on the Guidelines in determining whether there is other work available that the claimant can perform. 20 C.F.R. § 404.1569(a). Here, since Plaintiff suffers from both exertional impairments and from a nonexertional impairment that significantly affects her RFC, the Medical-Vocational Guidelines should not be exclusively relied on.

While the Medical-Vocational Guidelines may determine whether a claimant may work in the national economy, not "all possible variations of factors" fall under these Guidelines. 20 C.F.R. § 404.1569, *see also* 20 C.F.R. § 416.969. The Guidelines do not apply "if one of the findings of fact about the person's vocational factors and residual functional capacity is not the same as the corresponding criterion of a rule." 20 C.F.R. § 404.1569. For example, in *Anderson v. Comm'r of Soc. Sec.*, where a claimant's RFC was between two Guidelines, the Medical-Vocational Guidelines were found "not binding and [were] instead used only as an analytical framework." 406 Fed. Appx. at 35. Due to this, it would be incorrect for Plaintiff's potential jobs or disability to be calculated pursuant to the Medical-Vocational Guidelines. Plaintiff's age

7

and education factors do not coincide with any potential range of work in the Guidelines and thus do not allow for a calculation under the Guidelines. For this reason, the Magistrate was correct in upholding the ALJ's adoption of 168,000 jobs from the VE and in holding the Medical-Vocational Guidelines were not binding for Plaintiff.

The ALJ applied the proper standard by adopting the number of jobs in the national economy proposed by the VE. The record reflects why the ALJ could not properly calculate this number from the Medical-Vocational Guidelines, as Plaintiff desired. Further, the record shows the VE properly considered Plaintiff's age, education and mental and physical impairments in response to the hypotheticals proposed during the ALJ hearing. Due to this, the ALJ properly adopted the VE's findings when determining Plaintiff's SSI denial. Accordingly, Plaintiff's challenges to the ALJ's disability determination are unfounded.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Plaintiff's Objections are without merit and the Commissioner's decision denying Plaintiff's Application for Supplemental Security Income was correct. Therefore, the Magistrate Judge's Report and Recommendation (ECF #15) is **ADOPTED** and the Commissioner's denial of Plaintiff's Claim is **AFFIRMED.**

**IT IS SO ORDERED.**

                                                    <u>s/ Christopher A. Boyko</u>
                                                    **CHRISTOPHER A. BOYKO**
                                                    **United States District Judge**

**Dated: July 2, 2019**